**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SKINNYPOP POPCORN LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) ) | **Jury Trial Demanded** |
| AMERICAN FARMER BRANDS LLC, a New York limited liability company, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff SkinnyPop Popcorn LLC ("SkinnyPop"), by and through its undersigned counsel, alleges and claims as follows:

**SUMMARY OF ACTION**

1.     Plaintiff SkinnyPop is the Illinois-based leading purveyor of ready-to-eat specialty popcorn. Its products are sold to consumers in over 25,000 retailers around the country under "SKINNY"-formative trademarks registered with and granted by the U.S. Patent and Trademark Office, including SKINNYPOP® (U.S. Reg. No. 3971482), THE BIG SKINNY® (U.S. Reg. No. 4265552), and SKINNYPACK® (U.S. Reg. No. 4142288) (the "Skinny Marks").

2.     On June 27, 2014, a competing popcorn company, American Farmer Brands LLC ("Defendant"), filed an intent-to-use trademark application for "OH, SO **SKINNY**!" for use in connection with "popcorn" in International Class 30 (the "Infringing Application"). Shortly thereafter, Defendant advertised in social media a product image of its popcorn brand bearing the proposed tagline. Such adoption of the dominant feature of SkinnyPop's Skinny Marks is likely to cause consumer confusion and to erode SkinnyPop's considerable goodwill and unique brand recognition in the space.

3.      Upon notice of its infringement, Defendant refused to withdraw the Infringing Application or to cease using the proposed tagline in commerce.  Accordingly, SkinnyPop seeks a preliminary and permanent injunction, declaratory relief, punitive damages, costs and attorneys' fees, among other relief, to remedy Defendant's conduct.

## PARTIES

4.      Plaintiff SkinnyPop Popcorn LLC is an Illinois limited liability company with its principal place of business at 8135 Monticello Avenue, Skokie, Illinois 60076.

5.      Defendant American Farmer Brands, LLC is, upon information and belief, a New York limited liability company with its principal place of business at 1059 East 9th Street, Brooklyn, New York 11230 that sells pre-popped packaged popcorn around the country, including in Illinois.

## JURISDICTION & VENUE

6.      This action arises and is brought under the Trademark Act, known as the Lanham Act, 15 U.S.C. §§ 1050, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Illinois common law.

7.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

8.      This Court possesses personal jurisdiction over Defendant because Defendant regularly and continuously transacts business in the State of Illinois by advertising and selling its products in the State of Illinois, including by appearing in promotional segments on local television networks, including NBC Chicago's "Studio 5" program.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff SkinnyPop has its headquarters in this District and regularly conducts business here.

1716862

## FACTUAL BACKGROUND

10.     SkinnyPop began selling its ready-to-eat popcorn under its famous SKINNYPOP mark at local Chicago-area retailers in 2010.  Since then, the brand has enjoyed enormous and rapid recognition among consumers and retailers throughout the United States and the Skinny Marks have achieved significant goodwill and fame.

11.     SkinnyPop products are sold nationwide, in over 25,000 retail locations across the country.  SkinnyPop products are the number one selling better-for you ready-to-eat popcorn brand in grocery stores, with nearly a 50% market share – twice its nearest competitor.  With this success, the Skinny Marks themselves have become strong and distinctive in association with popcorn products.

12.     In addition to its common law rights in the Skinny Marks, SkinnyPop owns United States trademark registrations for the Skinny Marks, all in International Class 30 for use in connection with "popcorn."  The Skinny Marks trademark registrations are attached hereto as **Exhibit A**.

13.     Recognizing SkinnyPop's strong rights in the Skinny Marks in connection with popcorn, numerous of SkinnyPop's competitors have withdrawn trademark applications for "Skinny"-formative marks, and/or have agreed not to use such marks in connection with popcorn.

14.     For example, in March 2014, Cornfields, Inc. also abandoned a U.S. trademark application for use of "SKINNY CALORIES" in connection with "popped popcorn."  More recently in August 2014, Cornfields, Inc. abandoned a Canadian trademark application for use of "HI I'M SKINNY POP" in connection with popcorn.

1716862

15.     Similarly, in April 2014, SkinnyPop caused Dale & Thomas, makers of Popcorn Indiana popcorn, to withdraw its trademark application for "BE THE SKINNY-EST" for use in connection with popcorn.  Dale & Thomas further agreed to cease using "Skinny"-formative marks in connection with popcorn.

16.     And, most recently, Medora Snacks, LLC, makers of *Popcorners*, agreed not to use any "Skinny"-formative marks in connection with its popcorn products.

17.     SkinnyPop has continuously used each of the Skinny Marks in commerce since prior to the filing date of the Infringing Application.  In particular, SkinnyPop has continuously used the SKINNYPOP mark in commerce in connection with popcorn since 2010 and was granted a registration for SKINNYPOP in connection with popcorn on May 31, 2011.

18.     Notwithstanding SkinnyPop's prior and dominant rights, on June 27, 2014, Defendant applied to federally register the mark "OH, SO SKINNY!" for "corn-based snack foods; grain-based snack foods; popcorn" in International Class 030 as shown in U.S. Serial No. 86/322390, attached hereto as **Exhibit B** (the "Infringing Application").

19.     Defendant also began advertising the "OH, SO SKINNY!"-branded products via social media as early as July 2014, and on information and belief has begun selling popcorn products bearing the "OH, SO SKINNY!" tagline.

1716862

20. For example, on July 23, 2014, Defendant posted the below image of an "OH, SO SKINNY!" popcorn product to its Facebook page, with the caption "**Now introducing our newest flavor of popped corn, Oh! So Skinny! Only has 35 calories per cup! You can have a full bag of this and feel zero guilt!**" In response to a consumer inquiry regarding where to purchase the "OH, SO SKINNY!" product, Defendant responded, "which city and state do you live in?:



1716862

21.     On August 5, 2014 Defendant posted a similar image of an "OH, SO SKINNY!" popcorn product to its Twitter page, stating "**Our newest popped corn flavor, Oh! So Skinny!, has only 34 calories a cup!**":



22.     As such, on information and belief, Defendant is selling a packaged popcorn product bearing the "OH, SO SKINNY!" tagline.

23.     On August 6, 2014 SkinnyPop sent Defendant a letter stating that Defendant's use of "OH, SO SKINNY!" on pre-packaged popcorn products nearly identical to those sold by SkinnyPop, would likely confuse consumers into believing that Defendant's products are somehow associated with or related to SkinnyPop's well-known popcorn products. As such, SkinnyPop requested that Defendant voluntarily abandon its Skinny Application and intent to use the infringing mark on popcorn products. Defendant refused to comply with the demand.

24.     Given SkinnyPop's enormous sales, Defendant's use of "OH, SO SKINNY!" in connection with popcorn will cause SkinnyPop hundreds of thousands of dollars in damage even if only a small portion of the consuming public is confused into purchasing Defendant's products.

25.     On information and belief, Defendant was aware of the Skinny Marks when it filed its Application and had a specific intent to encroach upon on SkinnyPop's intellectual property in filing the application and advertising the tagline on its products.

26.     There accordingly is an imminent and admitted threat that, if Defendant has not already, Defendant will begin use of the "OH, SO SKINNY" mark because it already produces and sells a competing pre-popped packaged popcorn product.  Such sales are highly likely to confuse consumers and to steal the goodwill associated with SkinnyPop's dominant Skinny Marks.

## CLAIMS FOR RELIEF

### COUNT ONE
### (FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)

27.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

28.     Plaintiff owns all right, title, and interest in the registered trademark SKINNYPOP®, which it has used in commerce since 2011.  Plaintiff also owns all right, title, and interest in the registered trademarks SKINNYPACK® and THE BIG SKINNY®, which it has used in commerce since August 2011 and November 2012, respectively.

29.     Defendant's "OH, SO SKINNY!" tagline infringes the Skinny Marks, and violates 15 U.S.C. § 1114 because the marks are confusingly similar.  Defendant's "OH, SO SKINNY!" tagline creates the erroneous impression in consumers' minds that Defendant's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, Plaintiff and the Skinny Marks.

1716862

30.     Defendant's imitation, copying, and unauthorized use of the Skinny Marks is causing irreparable injury to Plaintiff by, *inter alia*, destroying consumers' unique association of that mark with Plaintiff's products.

31.     Plaintiff has no adequate remedy at law for Defendant's misconduct.  Unless Defendant is enjoined and restrained from continuing its infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

32.     Plaintiff also is entitled to recover from Defendant any gains, profits, and advantages as a result of Defendant's infringement, in an amount to be proven at trial.

33.     Defendant's intentional and willful misconduct in copying Plaintiff's brand and using it to deceive consumers entitles Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## COUNT TWO
## (COMMON LAW TRADEMARK INFRINGEMENT)

34.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

35.     Through the conduct alleged above, Defendant infringes on Plaintiff's Skinny Marks and unfairly competes with Plaintiff under Illinois common law.

36.     On information and belief, Defendant selected the tagline "OH, SO SKINNY!" with the intent to cause confusion among consumers and to deceive them into believing that its products are made by, endorsed by, or otherwise associated with Plaintiff or SKINNYPOP® products.  Accordingly, Defendant is guilty of recklessness, oppression, fraud, and/or malice.

37.     Defendant has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

1716862

38.     Defendant's infringement has allowed Defendant to unfairly profit and is causing irreparable harm by confusing consumers and unlawfully obtained sales and profits by Defendant from trading off of Plaintiff's famous Skinny Marks.

39.     Defendant's conduct was intended to cause injury to Plaintiff, and was carried out with a willful and conscious disregard of Plaintiff's rights.

40.     Plaintiff is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT THREE
### (TRADEMARK DILUTION, 765 ILCS § 1036 *et seq.*)

41.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

42.     The Skinny Marks are distinctive and famous within the meaning of section 65 of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

43.     Defendant's use of the "OH, SO SKINNY!" tagline began after the Skinny Marks became famous.

44.     Defendant's continued use of the "OH, SO SKINNY!" tagline is likely to cause injury to Plaintiff's business reputation and/or the dilution of the distinctive quality of Plaintiff's famous SKINNYPOP® mark, in violation of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

45.     Defendant's acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Skinny Marks, business, reputation, and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendant.

46.     Defendant's use of the "OH, SO SKINNY!" tagline is deliberate, willful, and in reckless disregard of Plaintiff's trademark rights, and as such Plaintiff is entitled to the recovery of treble damages pursuant to the Illinois Trademark and Registration Act, 765 ILCS § 1036/70.

## COUNT FOUR
## (DECLARATORY JUDGMENT)

47.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

48.     Defendant's threatened and intended use (if not actual use) of the "OH, SO SKINNY!" tagline in connection with popcorn would infringe SkinnyPop's trademark rights. Plaintiff accordingly seeks in the alternative a declaratory judgment that such a use would infringe the Skinny Marks.

49.     Defendant filed a federal trademark application on an intent-to-use basis, including a declaration of its bona fide intent to use the "OH, SO SKINNY!" tagline in connection with popcorn.

50.     Upon being notified by SkinnyPop of its prior use and trademark rights in "SKINNYPOP," "THE BIG SKINNY," and "SKINNYPACK" in connection with popcorn, Defendant evidenced an intent to proceed with its intent-to-use application.

51.     Defendant is engaged in activities directed towards using the "OH, SO SKINNY!" tagline in commerce in a manner that is likely to cause confusion among the relevant public that Defendant's popcorn products are affiliated with, or related to, SkinnyPop's popcorn products.

52.     As such, there is an immediate and imminent threat that Defendant will begin using "OH, SO SKINNY!" in connection with the packaged popcorn product it already produces, and therefore a case of actual justiciable controversy exists between SkinnyPop and Defendant under 28 U.S.C. §§ 2201-2202.

53.     A declaratory judgment will resolve all of the controversy between the parties and will determine the rights and responsibilities regarding the "OH, SO SKINNY!" tagline.

1716862

## PRAYER FOR RELIEF

Plaintiff SkinnyPop respectfully requests the following relief against Defendant American Farmer Brands, LLC:

(1)     That Defendant be preliminarily and permanently enjoined from using any "Skinny"-formative mark in connection with the sale, marketing or distribution of its popcorn or popcorn-like products;

(2)     A declaratory judgment that Defendant's use of "OH, SO SKINNY!" in connection with popped popcorn would infringe SkinnyPop preexisting federal and common law trademark rights;

(3)     That this action be deemed an "exceptional case" such that SkinnyPop be awarded its costs and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117;

(4)     That SkinnyPop be awarded treble damages pursuant to the Illinois Trademark and Registration Act, 765 ILCS § 1036/70; and

(5)     That SkinnyPop be awarded such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all claims and causes of action triable before a jury.

1716862

Dated:  September 17, 2014                    Respectfully submitted,

                                             **SKINNYPOP POPCORN LLC**

                                   By:  /s/ Todd C. Jacobs
                                        One of Its Attorneys

Todd C. Jacobs
Matthew C. Wolfe
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
T:  (312) 704-7700
F:  (312) 558-1195
tjacobs@grippoelden.com
mwolfe@grippoelden.com

*Attorneys for Plaintiff SkinnyPop Popcorn, LLC*

<u>Of Counsel</u>:

J. Noah Hagey (applying *pro hac vice*)
Allyson M. Fair (applying *pro hac vice*)
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
T:  (415) 599-0210
F:  (415) 276-1808
hagey@braunhagey.com

*Attorneys for Plaintiff SkinnyPop Popcorn, LLC*

1716862